No. 93.—Augustus L. Grant and another, plaintiffs in error vs. Nelson McLester, defendant in error.

[1.] A agrees with B, that he shall have the deputation of the Clerkship of the Inferior Court, and receive for his compensation the fees and costs of the office already accrued, and which are to accrue, and B agrees to pay A therefor, out of said fees and costs due and to accrue, the sum of five hundred dollars, and executes to A his notes to secure the payment of that sum: *Held*, that these notes are void as against the Statute forbidding the sale of public offices, and as opposed to the policy of the law.

Assumpsit, &c. and motion for new trial, in Muscogee Superior Court, May Term, 1850.    Tried before Judge Alexander.

N. McLester brought suit against plaintiffs in error on two notes of $250 each, payable to McLester or bearer.    Plea—that the notes were given for an illegal consideration, viz : the sale of the office of Clerk of the Inferior Court of Muscogee County, by McLester to Grant.

On the trial, the defendants proved that McLester was Clerk, and that Grant did all of the services, acting as Deputy Clerk, and receiving the costs.    McLester told one witness he had nothing to do with the office, and told another that he had let Grant have the office, and Grant owed him $500.    To interrogatories exhibited to McLester, the plaintiff, he answered, that he appointed Grant as his Deputy, to take charge of and conduct the office ; that about the time the notes were given, he was forced to leave the State for a time ; that one W. B. Ector applied to him to appoint Grant Deputy ; that he made out a schedule of the costs then due, amounting to $1000 or $1200, besides the accruing costs, and it was agreed that Grant should be appointed Deputy, and receive as his compensation, all of said costs—he, Grant, paying, or securing to be paid to McLester, out of, or as a part of said costs, and those accruing thereafter, the sum of $500, and for this sum the notes were given.    He denied that there was any sale of the office, or contract of sale.    He admitted that he did require Grant to give him a bond with security for the faithful performance of his duties as Deputy Clerk.

Counsel for Grant requested the Court to charge the Jury, that if they believed that the notes were given for costs already

VOL. VIII.   70

accrued and to accrue, that the consideration was illegal, and the notes void ; which charge the Court refused to give, but on the contrary, charged, that if the Jury believed that the notes were given for the costs already accrued, that the consideration was good.

The Jury found a verdict for the plaintiff, whereupon defendants moved for a new trial—

1st. Because the Court erred, in refusing to charge as requested.

2d. Because the Court erred in charging as stated.

3d. Because the Jury found contrary to law and evidence.

The Court refused the motion, and defendants excepted.

Jas. Johnson, for plaintiffs in error.

H. Holt, for defendant in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] By Statute, (5 *and* 6 *Edw.* 6, *ch.* 16, §§2, 3,) among other things, it is enacted, that all agreements for the *sale or deputation* of any office " which concerns or touches any clerkship to be occupied in any Court of Record wherein justice is to be administered," shall be void. The Act of 49 *Geo. III*, in its tenth and eleventh sections, except from the operation of the Statute of *Edward*, *lawful deputations* and annual payments *out of the fees*, to any person *formerly holding the office. Chitty on Contr.* 720, 721. I see no reason why the Statute of *Edward* should not be in force in this State. The Statute of *George* is not, because, since the era of our independence; but our own laws authorize the appointment of a Deputy Clerk of the Inferior Court. This authority is equivalent to the exception stated in the §§10 *and* 11 *of the Statute of Geo. III.* The Act of *Edward* is still applicable to illegal sales of a clerkship ; it is applicable to this case. The objection to this contract is not that it is founded on a *deputation*, but upon a sale of the office contrary to law and public policy. Under these English Statutes, it has been held, that if the profits of an office are uncertain, arising from fees, (which is the case as to the Clerkship of the Inferior Court,) and the principal make a deputation, reserving a sum certain *out of the fees*

*and profits* of the office, it is good ; but if the reservation or agreement is not to pay out of the profits, but to pay *generally a sum certain*, which must be paid at all events, it is void. *Godolphin vs. Tudor*, 2 *Salk.* 468. *Greville vs. Atkinson*, 9 *B. & C.* 462. 4 *Man. & R.* 372. *Chitty on Cont.* 721. According to this rule, how stands this case ? Take it as most strongly made out by the evidence of the plaintiff himself, who was examined under our Statute. He testifies, "that he was Clerk of the Inferior Court of Muscogee County, and appointed the defendant his Deputy; that he exhibited to him a schedule of the cases pending and undisposed of in the Inferior Court, and upon which costs had accrued to the amount of one thousand or eleven hundred dollars, and upon which further cost was to accrue to an uncertain amount, and on the accrual of which, further clerical services were to be rendered. Upon this exhibition of cost and cases, it was agreed that he would appoint the defendant his Deputy, and give him for his compensation, said costs, which had and which were to accrue, he paying, or securing to be paid to him, out of, or as part of the said costs, the sum of five hundred dollars, to secure which, the notes sued on were given." The substance of which is, that the defendant was to take the office and its profits as Deputy, in consideration of which he undertook to pay plaintiff five hundred dollars out of the profits, *and to secure which sum, he gave his notes*. Although it seems to have been expressed in the agreement between these parties, that the five hundred dollars were *to come out of the profits*, yet the notes were given to secure it. The plaintiff did not rely upon the profits for his five hundred dollars, or upon the liability of the defendant to him, as trustee for that sum received to his use out of the profits, but he relied upon the defendant's express stipulation to make good to him that sum. What is this but a sale of the office for a sum certain to be paid, at all events, by his Deputy. The agreement indicates a well devised, but still insufficient attempt to evade the Statute. It is as much at war with its policy, as if *nothing had been said about payment out of the profits*, and it seems to me that the Court ought to have so instructed the Jury.

Contracts for the sale of public offices are void at Common Law, as being opposed to public policy, and may be resisted, although not embraced in any Statute ; particularly, it would seem to me, such as relate to offices appertaining to or connected with the administration of justice. The public have a right to the ser-

vices and responsibility of the selected officer; and where a deputation is allowed, as here, yet it must be made under such circumstances as retain the responsibility of the principal, and present no inducement to extortion, and no temptations to corruption. *Chitty on Contracts*, 672. *Richardson vs. Melish*, 2 *Bing.* 247. 9 *Mod.* 435. *Haralson vs. Dicking*, 2 *Car. Law R.* 66. 3 *Marsh.* 433. 2 *Bibb*, 453. 5 *N. Hamp.* 196. 2 *Ibid*, 517. 6 *Ibid*, 183. 9 *Wend.* 175.

By the contract, as proven by the plaintiff, he was to be paid out of the costs which had accrued, and out of the costs which *were to accrue*; and the defendant became the purchaser of not only costs due, and which might be considered as legally vendible, but of costs *yet to accrue* on the cases in office and in his hands for management. His notes, so far as the *accruing* costs are concerned, were founded on an illegal consideration, and void in part—void as to the whole. Under these circumstances, the contract is not free of suspicion; it is, in fact, opposed to the policy of the law. I can, upon the whole, look upon it in no light but as a purchase by the defendant of an office, for a sum certain on his personal responsibility, and as such, void upon authority and principle; and however unjustifiable his defence upon honorable principles, he is allowed it, as an agent of the law, to maintain its policy.

Let the judgment be reversed.