No. 15.—CHARLES FOSTER, for the use of NICHOLAS TOMPKINS, plaintiff in error, *vs.* PLEASANT H. WHITAKER and ARCHIBALD M. WOOD, defendants in error.

[1.] Pending an appeal in an action of trover, the defendant was required to give bond, under the Statute, for the forthcoming of the negroes sued for to answer the judgment. In consideration that W. and W. would become surety for him on this bond, he agreed with them, that they should have control of the negroes until the termination of the suit, and should have their hire until that time. *Held,* that according to the terms of the agreement, W. and W. became the owners of the hire of the negroes.

[2.] There being a verdict in the trover action for the plaintiff, for the negroes, and $3500 hire, and the negroes being delivered, and the security on the appeal having paid the hire, the defendant being insolvent; suit was brought by the defendant for the use of the security on the appeal, to recover of W. and W. the hire of the negroes. *Held,* that no action lay in the name of the defendant, but that the security on the appeal was subrogated to all the rights of the plaintiff, and could maintain a suit in his own name against them for the hire.

Action on the case, in Heard Superior Court. Tried before Judge HILL, April Term, 1852.

Wilson W. Brooks, as administrator of George M. Smith, brought an action of trover, against Charles Foster, for the recovery of seventeen negroes.

Nicholas Tompkins became the security in said case, of Foster on the appeal, pending which, Tompkins, becoming alarmed, took steps to require Foster to give bond and security for the forthcoming of the negroes, to answer the final judgment of the Court, in the said action of trover.

In order to induce Pleasant H. Whitaker and Archibald M. Wood, to become his securities, he entered into, and executed with them, the following agreement:

" GEORGIA, HEARD COUNTY.

This agreement, entered into this the 23d day of December, 1846, between Pleasant H. Whitaker and Archibald M. Wood,

VOL. XII 8

of said State and County, of the one part, and Charles Foster of the same place, of the other part, witnesseth that the said Whitaker and Wood on their part, agree to become securities on a bond for the said Foster, to the amount of $10,700.00; said bond conditioned for the forthcoming of certain negroes, seventeen in number, named in said bond, to answer a judgment, which may be obtained in an action of trover pending in the Superior Court of said County, in favor of Wilson W. Brooks, administrator of George M. Smith, against said Foster; and the said Foster agrees on his part, that for and in consideration of the said Whitaker and Wood becoming his securities as aforesaid, that he will deliver into their immediate possession, the following named negroes, to wit: Anthony, Daniel, Ben, Dean, Abner, Watt, Wesley, &c., &c. The said Whitaker and Wood, to have and to hold the said negroes, and to have the full power, control and profits of said negroes, until the termination of the action of trover aforesaid; and the said Foster further agrees on his part to deliver into the possession of the said Whitaker and Wood, a negro girl, Jane, mentioned also in said bond, in case B. D. Thomasson does not give bond and security for the forthcoming of said negro, on the same conditions, for the consideration, aforesaid, and that on his failure to do so, that he will, at the expiration of two months from the date aforesaid, deliver into the possession of the said Wood and Whitaker, a negro man named Jordan, on the same conditions."

Under this agreement, Whitaker and Wood took possession of the negroes, and held them for several years, and received a large amount of money for their hire.

Foster was cast in the action of trover, and judgment was rendered against Foster and Tompkins, as security, for the negroes, and $3500.00 for hire. Foster being insolvent, Tompkins was compelled to pay the hire. Whitaker and Wood delivered up the negroes, but refused to pay over the hire received by them.

The agreement entered into between Foster and Whitaker and Wood, was assigned to Tompkins, and this action is

Foster *vs.* Whitaker and another.

brought on that agreement, in the name of Foster, for the use of Tompkins, against Whitaker and Wood, to recover the hire of the negroes.

On the trial, the plaintiff offered in evidence the " agreement," between Foster and Whitaker and Wood.

The defendants objected to its introduction, on the ground— " That by its terms, the hire of the negroes accruing pending said action of trover, vested absolutely in the defendants, and they were not liable, under any circumstances, to account for the same, or have it forthcoming to answer the judgment in said action of trover."

The Court sustained the objection, and ruled out the agreement, and this decision is assigned as error.

B. H. HILL, for plaintiff in error.

BULL & FERRELL, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] We cannot doubt but that the presiding Judge put the true construction upon the agreement between *Whitaker and Wood* and *Foster.* It is not possible to give it any other. *Foster* agrees with *Whitaker and Wood,* in consideration that they will become his securities on a bond for the forthcoming of the negroes, to respond to a recovery in the action of trover against him, that " they shall have and hold the said negroes, and shall have the full power, control and profits of the said negroes, until the termination of the action of trover." To make them safe on their guarantee for the forthcoming of these negroes, the control over them until the suit is determined, is given to the securities ; and as an inducement to their becoming security, and as a compensation for keeping the negroes, it is also stipulated, that they *shall have their profits,* until the suit is terminated. They must have so understood the agreement. They intended to be paid, and *Foster* intended to pay them for standing security for

him.   They occupy the position of purchasers of the use of the negroes for a limited time.

[2.]   The construction of this agreement, is the point upon which the case was determined below, and no other error is charged upon the Court, but in its decision on  this ground.   We, thinking with the Court, affirm  the judgment, but at the same time we feel it our duty to declare our opinion upon the right of the plaintiff to maintain this action.   We are very clear that *Foster* cannot maintain it.   He has no title whatever to the hire of these negroes, nor has he any interest in it, which can enable him to sue.   If he cannot sue in his own name for his own use, he cannot sue for the use of *Tompkins.*   Our opinion is, that the right of action is in  *Tompkins,* and that although *Whitaker* and *Wood,* had the suit been determined in *Foster's* favor, would have acquired a title to the hire good against *him,* yet in the actual condition of the case, got no title to it, good against *Tompkins.* The judgment in the trover action passed against *Foster* and against *Tompkins,* his security on the appeal, for the negroes and for their hire, to the amount of $3500.   By this judgment, the title to the negroes is demonstrated to be in the plaintiff in the action, and also it demonstrates that *Foster* had no title ; not only that he had no title to them at the time of the rendition of the judgment, but that he never did have a title, good against the plaintiff.   With the title to the negroes, the plaintiff also had the title to the hire ; for with the *corpus* goes its  rents, issues and profits.   Equally, if *Foster* had no title to the property,  he had none to its hire.   These things being so, as affirmed by the judgment, *Foster* could make no sale of the hire good against the plaintiff.   He could convey no title to *Whitaker and Wood,* simply because he had none to convey.   Further, the plaintiffs in the judgment recovered the hire specifically for the very time it was conveyed to them.   By our Statute, where there is a recovery in trover, the property is vested in the defendant, first for the purposes of the plaintiff's satisfaction, and in the defendant generally, when he pays the damage.   (*Cobb's N. Dig.* 499.)   Nothing can be claimed by *Foster* under this Statute, for he never paid the damages, the negroes being specifically delivered, in pursu-

ance of the judgment. This may suffice to show that the title to this hire was in the plaintiff in the action of trover. He could not collect it by virtue of his judgment out of *Whitaker and Wood*, but he had a legal right to it, and could have enforced it against them by suit. Now *Tompkins* being security on the appeal for *Foster*, and the judgment having passed against him as well as *Foster*, and he having paid the hire to the plaintiff in the action, and *Foster* being insolvent, he not only acquired, under our Statute, the control of the judgment against his principlal, but became subrogated to all the rights of the plaintiff in the judgment. See *Baily and others vs. Merrill,* 4 *Geo. R.* 123. *Cobb's N. Dig.* 498, 593. One of these rights, as we have seen, was the right to sue for and recover the hire of the negroes in the hands of *Whitaker and Wood*. The hire in their hands was money had and received for the use of *Tompkins*. *Ex equo bono*, they could not retain it; the more especially, as they bought with notice of the suit for the negroes pending on the appeal, and of the fact that *Tompkins* was security on the appeal.