A. McLEWIS; plaintiff in error, *vs.* THOMAS D. FURGERSON, defendant in error.

1. Where one of the sureties on a tax collector's bond, executed in May, 1871, had a private arrangement whereby the collector and himself were to divide the profits of the office, and they did divide accordingly, and the collector afterwards proved a defaulter to the public, a co-surety who has been forced by suit upon the bond to pay off a part of the default, has a right of action for his reimbursement against the surety who shared with the collector in the profits of the office, the share thus realized by the latter being sufficient in amount to indemnify all the sureties.

2. Where the action is by a nominal plaintiff for the use of the person

who should have been the sole plaintiff, the declaration is amendable, (56 *Ga.*, 554,) and the supreme court, to uphold a recovery which is correct in substance, will direct an amendment striking the name of the nominal plaintiff and substituting the usee as suing in his own right.

Principal and security. Officers. Bonds. Parties. Amendments. Practice in the Supreme Court. Before Judge HALL. Upson Superior Court. May Term, 1877.

Reported in the opinion.

SPEER & STEWART, for plaintiff in error.

J. A. HUNT, for defendant.

BLECKLEY, Judge.

The plaintiff below recovered. A new trial was moved for and refused. The action was predicated upon this state of facts: In 1871, there was a tax collector, whose term of service was two years. It was necessary for him to give bond. The plaintiff below signed as one of the sureties. The defendant below, before the bond was accepted, signed it also, and procured others to sign, agreeing with them that he would protect them against loss, but making no such agreement with the plaintiff, who did not even know that the defendant, or any of those he procured to sign, were to be parties to the instrument. The defendant was interested with the collector in the commissions. This was his inducement to become a surety upon the bond, and to get others to join him. The arrangement was a private one between the defendant and the collector; at least, it was unknown to the plaintiff. A part of the arrangement was, that the defendant was to furnish a horse and buggy, carry the collector around, pay all expenses, and assist him in the work of collecting. The commissions were to be divided between them upon a ratio agreed upon. The bargain was carried out, and full performance took place on both sides.

The collector, however, proved a defaulter to the county as to a part of the taxes of 1872, and became insolvent. The bond was sued upon, and judgment was rendered for the amount of the default. The defendant paid up his due proportion, and that of each of the co-sureties, who had signed at his instance. The plaintiff paid his under the compulsion of a levy upon his property by the sheriff, and then, in the name of the sheriff for his use, brought the present action against the defendant to reimburse himself. According to the weight of the evidence, the share of the defendant in the collector's commissions amounted to more than the officer's default.

1. The motion for new trial embraces various grounds, but none of them are of a nature to require the case to be tried over, if the plaintiff ought, *ex æquo et bono,* to have recovered. That is the sole question affecting the real substance of the case. There was no specific objection made in the court below to the parties, either for non-joinder or misjoinder; nor, so far as appears, was it contended that the remedy was in another *forum.* We shall content ourselves with holding, in general terms, that the action was maintainable, and that substantial justice was done. If the defendant was virtually, by reason of his participation in the profits, a co-principal in the bond with the tax collector, and the office was held between them in a kind of partnership, then the defendant was interested in the consideration of the bond, and the plaintiff was not; from which it would result, that the plaintiff was surety for the defendant as well as for the collector, and the legal ground of the action would be that of money paid by a surety for his principal's use. On the other hand, if the defendant's contract for a participation in the profits was illegal and void, because in the nature of a purchase of a public office concerning the revenue, (see the statute of 5 & 6 Edw. vi.; 12 E. C. L. Reports, 417, 418, and compare 8 *Ga.*, 553,) then the money which the defendant obtained from the collector under that contract, did not vest in him as his own, but was a fund in

McLewis *vs.* Furgerson.

his hands belonging to the collector, which, though the collector, being in *pari delicto*, could not recover back, yet, he being insolvent, his creditors might recover it. So, too, the defendant, though originally taking no title to it, might retain it for his indemnity against loss by his suretyship on the bond. But thus treating it, he would be constrained to apply it as much for the protection of his co-surety as for his own protection, since a surety having indemnity is not permitted by the law to appropriate it to screen himself alone, but must admit his fellows to share in it on equal terms. 1 White & Tudor's L. C. in Eq., top page 119, notes to Dering *vs.* Earl of Winchelsea; LUMPKIN, J., in *Osborn vs. Ordinary*, 17 *Ga.*, 125. Again, a surety paying his money for the principal, is subrogated to all the rights of the creditor. Code, §2176; 12 *Ga.*, 57; 28 *Ib.*, 159; 1 White & Tudor, *supra*, top page 117. Perhaps no aid could be derived from this rule, except as to so much of the commissions as accrued in 1872—the year in which the default occurred. Whatever money was kept from the county and turned over by the collector to the defendant, under the name of commissions, would be public money, and the county could have recovered it as such while the collector's default was unsatisfied. To the extent of the amount paid by the plaintiff to the county in satisfaction of that default, he succeeded to such rights of action as the county had.

2. With respect to the sheriff as a nominal party plaintiff, he is a stranger in a strange land. He might have been stricken by amendment, and ought to have been, even without any demurrer or motion. 56 *Ga.*, 554. Though we affirm the judgment refusing a new trial, we think the sheriff should go out, and we direct accordingly.

Cited for reversal: 1 Addison on Contracts, 59; Code, §§2750, 2753; acts of 1871-2, p. 285; 41 *Ga.*, 315; 35 *Ib.*, 176; Addison on Contracts, §§266, 302. For affirmance: Code, §2176.

Judgment affirmed.