## SHACKLEFORD *vs.* HOOPER *et ux.*

1. Where a judgment was rendered in favor of " R. P. Hooper and his wife, for the use of L. P. Hooper," a *fi. fa.* in favor of " R. P. Hooper and Louisa P. Hooper " did not follow the judgment, and was illegal.

2. Recitals in a deed under a tax sale are *prima facie* evidence of the acts of the officer who made the sale—such as the advertisement, place, manner of sale, etc., but not as to the authority to sell.

3. Whilst excessive levies are not to be made, yet the mere fact that property sold for taxes did not bring its value will not raise a legal presumption that the sale was void.

Execution. Judgment. Deed.. Evidence. Presumption. Tax. Levy and sale. Before Judge WRIGHT. Dougherty Superior Court. April Term, 1880.

A *fi. fa.* in favor of " R. P. Hooper and Louisa P. Hooper " was levied on certain land as the property of Shackleford, and he interposed a claim on behalf of his wife and children. This claim was based on a tax sale against the defendant, at which his wife bought. The deed recited the levy under a tax *fi. fa.*, advertisement, offering the land in parcels, sale, etc. It appeared that the land only brought the amount of taxes and costs, although it was worth much more. Under the charge of the court, the jury found the property subject. Claimant moved for a new trial on the following, among other grounds:

(1). Because the verdict was contrary to law and the evidence.

(2). Because the court refused to dismiss the levy and reject the *fi. fa.*, it appearing that the *fi. fa.* was in favor of R. P. Hooper and Louisa P. Hooper, and the judgment was in favor of R. P. Hooper and his wife, for the use of L. P. Hooper.

(3). Because the court erred in charging the jury as follows in reference to the tax sale: " it is necessary to

show that it was levied upon, it is necessary to show that it was advertised. * * * If it is a considerable amount of property for a small debt, it must appear that it was offered in parcels, and I charge you that the recitals in the sheriff's deed will not be evidence of that fact. It must appear from other evidence.

" I charge you further, that a tax sale of a large amount of property greatly disproportioned to the amount that the property brought and with the amount of the taxes due, the law presumes it to be null and void, and it is incumbent upon the party who claims under the tax sale to show that it was a *bona fide* sale and made in terms of the law. If that fact appears to you from the evidence, that a large amount of property was sold, largely disproportionate to the amount of the *fi. fa.*, the amount it was sold for at the sale, the law presumes that sale a fraudulent sale, and the *onus* is upon the party who seeks a benefit under that sale to show its fairness and legality."

The motion was overruled, and claimant excepted.

D. A. VASON, for plaintiff in error.

D. H. POPE, for defendants.

CRAWFORD, Justice.

The record in this case presents several questions for our judgment :

1. Where a judgment is rendered in favor of R. P. Hooper and his wife, for the use of L. P. Hooper, and the *fi. fa.* issued thereon is in favor of R. P. Hooper and Louisa P. Hooper, is that such a material variance as to render it illegal ?

This suit was brought and this judgment was rendered for the benefit of the usee, L. P. Hooper, who is the real plaintiff in the case, and the real party at interest ; shall, therefore, that character be maintained from the commencement of the action up to and including the judg-

ment and then dropped when the final process is reached? We think not. If it were material in the beginning, it becomes none the less so in the ending, and it should have been preserved. Code, §3636.

The name of a nominal party may be stricken, and if a legal right remain in the usee the action may be continued. 56 *Ga.*, 554; 59 *Ga.*, 644. But in no case does it appear that the usee may have his rights impaired by omitting to preserve his legal relation to the same.

2. The next question made is, whether the recitals in a tax deed are not prima evidence to support the same.

That would depend in our judgment upon what the recitals were. To say that all the recitals in such a deed would be good, would be to commit the rights of parties to the hands of many very unskilled and unlearned men ; on the other hand, to say that none were good would be to change what we understand to have been the rulings of this court.

Our judgment therefore is, that they are *prima* evidence of the acts of the officer himself, such for instance as the advertisement, place, hours of, and manner of sale, but the authority to sell stands upon a different footing and must be proven. 53 *Ga.*, 455; 55 *Ib.*, 573.

3. Another assignment of error is the charge of the judge, that if at a tax sale a large amount of property is sold, disproportionate in value to the amount of taxes due and the amount for which it sells, then the law presumes it to be null and void, and it is incumbent on the party claiming under it, to show that it was a *bona fide* sale and made in terms of the law.

Whilst it has been the purpose of this court to prevent and restrain officers of this class from gross, wanton and excessive levies upon property for taxes, yet we cannot find where the rule of law laid down here has been carried to the extent stated by the judge below. The value of property sold for taxes in a large majority of cases, must

of necessity far exceed the amount of the *fi. fa.*, or even the amount for which the same is sold. There are but few instances where such property at these sales brings more than the taxes due and the accompanying costs, so that to hold that the law pursumes all such sales null and void, would be extending the principle beyond the limits of the law, and this we cannot do.

The other questions made are unimportant in the view which we have taken of this case.

Judgment reversed.