LIVINGSTON *et al. vs.* ANDERSON.

The sureties on a defaulting tax-collector's bond, after discharging the *fi. fa.* issued against them and their insolvent principal, and thus satisfying the State for all taxes due to it from the tax-payers of the county for the given year, are subrogated for their reimbursement to the rights of the State to the uncollected taxes for that year, and where executions for unpaid State taxes have not been issued, may recover such taxes by bill in equity. There is no strictly legal remedy available to the sureties, and hence equity will intervene for their relief.

January 11, 1888.

Bonds.    Principal and surety.    Tax.    Subrogation. Before Judge BOYNTON.    Newton superior court.    March term, 1887.

Reported in the decision.

J. M. PACE, by brief, for plaintiffs.

MIDDLEBROOKS & EDWARDS, for defendant.

BLECKLEY, Chief Justice.

The bill having been dismissed upon demurrer, the general question whether it contained equity subdivides into two questions, one as to the right, the other as to the remedy.

1. The tax-collector of Newton county for the year 1884, having made default, the comptroller-general issued a *fi. fa.* against him and the sureties on his official bond for the amount of State taxes not paid over. A balance on this *fi. fa.* not paid by the collector, was paid by the sureties, so that the State was satisfied in full. The effect of this was to subrogate the sureties, "both at law and in equity, to all the rights of the creditor" (the State), and entitle them "also, to be substituted in place of the creditor as to all securities held by him (the State) for the payment of the debt." Code, §§2176, 2177; *McLewis vs. Furgerson,* 59 *Ga.* 647. For the doctrine prior to the code, see *Wood vs. Tompkins,* 28 *Ga.* 159; notes to Dering *vs.* Earl of Winchelsea, 1 White & Tudor's L. C. 60. Amongst the resources of the State for realizing the taxes as to which the collector was in default, were the uncollected taxes due to the State from the tax-payers of Newton county for the year 1884. The default of the collector arose in part from not collecting and paying over these taxes. Had the State failed to realize on the bond of the collector, it might have caused the successor of the collector to issue executions therefor and enforce payment of the same. These unpaid taxes due from citizens were not discharged when the collector and his sureties responded to the State for the collector's default in not collecting and paying them over. The present bill, filed by the sureties against Anderson, charges that Anderson owed a certain amount for taxes assessed against him for the year 1884;

that the collector died insolvent, in June, 1885, not having collected from Anderson nor issued any execution against him; that the collector, before his death, authorized one of the sureties to receive payment from Anderson, and placed in his hands the official receipt to be delivered to Anderson when payment should be made; and that this was done towards reimbursing the sureties for their outlay in responding to the State on the bond. This alleged act of the collector may be treated as an equitable assignment of whatever right the collector had against Anderson, and the doctrine of subrogation would invest the sureties with whatever rights the State had against him; so that the rights both of the collector and the State to require Anderson to pay his State taxes for the year 1884 are now vested in these sureties, the complainants in the bill. So much for the right.

2. Now as to the remedy. Doubtless the code contemplates that subrogation to the rights of a creditor shall be attended, ordinarily, with subrogation to all his remedies, legal and equitable, but the remedy for taxes due the State is not suit, but execution in the first instance. Code, §886. Where the State has been satisfied, and no execution has issued, there is no mode of constraining the State or its officers to issue execution for the use of sureties who may be entitled to reimbursement. There is no provision of law on that subject. The analogies, under such circumstances, point to equity as the *forum* for relief. A direct action at law by these sureties against a derelict tax-payer would fail for want of privity; and an equitable action at law is simply the equivalent of a bill. Between the two, the suitor has his election.

The court, we think, erred in sustaining the demurrer and dismissing the bill.

Judgment reversed.