FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* WHITAKER *et al.*

ATKINSON, J. 1. The act of 1923 (Ga. L. 1923, p. 39), as amended by the act approved December 19, 1923 (Ga. L. Ex. Sess. 1923, p. 69), provides: (a) "There shall be levied upon and collected from each person, firm, or corporation, engaged in selling cigarettes and cigars at retail, a tax of ten per centum of the sales price at retail of each package of cigarettes and each box, package, or other container of cigars, sold by such dealer." (b) Each dealer shall pay said tax to the commissioner of revenue of the State of Georgia, who shall thereupon furnish to such dealer stamps of such design and denominations as may be prescribed by said commissioner of revenue, and it shall be the duty of each dealer to affix to each package of cigarettes and each box, package, or other container of cigars a stamp, or stamps, furnished by said commissioner of revenue, evidencing the payment of the tax imposed by this act, and to cancel such stamps, before said cigarettes or cigars are offered for sale. Provided, that wherever cigarettes are sold in cartons or other original containers, said stamps may be affixed to each such carton or container, and not to each package contained therein." In *Inter-City Coach Lines Inc.* v. *Harrison*, 172 *Ga.* 390, 396 (157 S. E. 673), it was said: "Where a license is required as a condition precedent before a business or occupation can be carried on, and a fee or tax is required in payment of such license, the tax imposed is a license tax, and not one upon occupation. A tax assessed on the occupation or business in which such license authorizes one to engage is an occupation tax. *City of Waycross* v. *Bell*, 169 *Ga.* 57, 61 (149 S. E. 641)." This draws a distinction between two species of tax and recognizes both as "taxes." By analogy the "tax" provided for by the portion of the act of 1923, quoted above, which is a tax on sales, is nevertheless a species of tax levied by this State.

2. Section 17(a) of the bankruptcy act of 1898 as amended provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as ... . are due as a tax levied by the United States, the State, county, district, or municipality in which he resides." 1 Fed. Stat. Ann. (2d ed.), 708 (11 U. S. C. A. § 35). This law contemplates "tax," used in a broad sense, sufficient to include "tax" as provided for in the Georgia Laws of 1923, supra. If it be asserted that the exception of section 17(a) of the bankruptcy act refers only to ad valorem tax, a sufficient reply is that the taxes leviable by the United States and the several States and their subdivisions are not limited to ad valorem taxes, but may be special and of many forms, and that the

Congress, without attempting to name each species, but intending to except all from the effect of a discharge in bankruptcy, was content to use the general term tax.

(a) The sales tax due the State of Georgia under the act of 1923, supra, is not affected by a subsequent discharge in bankruptcy of the dealer under section 17(a) of the bankruptcy act, supra.

(b) The cases of In re Kootenai Motor Co. (Idaho), 41 Fed. (2d) 399; In re Cosmopolitan Power Co., 137 Fed. 858; New Jersey v. Anderson, 203 U. S. 483 (27 Sup. Ct. 137, 51 L. ed. 284); Williams v. United States Fidelity & Guaranty Co., 236 U. S. 549, 35 Sup. Ct. 289, 59 L. ed. 713); Burns Mortgage Co. v. Bond Realty Corporation, 47 Fed. (2d) 985, cited by the attorneys for the defendants, did not involve the question of excepting a tax from the effect of a discharge in bankruptcy under section 17(a) of the bankruptcy act, and the reasoning in those cases does not lead to a different conclusion from that above expressed.

3. In *Livingston* v. *Anderson*, 80 *Ga.* 175 (5 S. E. 48), it was held: "The sureties on a defaulting tax-collector's bond, after discharging the fi. fa. issued against them and their insolvent principal, and thus satisfying the State for all taxes due to it from the taxpayers of the county for the given year, are subrogated for their reimbursement to the rights of the State to the uncollected taxes for that year, and, where executions for unpaid State taxes have not been issued, may recover such taxes by bill in equity. There is no strictly legal remedy available to the sureties, and hence equity will intervene for their relief." Under application of the principle stated above, where a suit is brought by a dealer to enjoin collection of a sales tax as provided for in the act of 1923, supra, and after refusal of a temporary injunction a supersedeas is allowed on condition that the plaintiff procure stamps as provided for in that act, by giving receipts therefor and filing a bond for payment of the stamps in event the decision of the higher court is adverse to the plaintiff; and where, after such bond has been given and a decision has been rendered by the Supreme Court affirming the judgment of the trial court (*Fidelity & Casualty Co.* v. *Whitaker*, 172 *Ga.* 663, 158 S. E. 416), the surety on the supersedeas bond executed by the dealer pays the State the amount of the tax upon sales for which the stamps were issued, the surety will be subrogated to all the rights of the State to collect the amount of the tax from the dealer by suit in equity.

4. As the discharge of the dealer in bankruptcy did not affect the right of the State to collect the tax and the surety became subrogated to the rights of the State, the petition alleged a cause of action, and the court erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*

No. 8880. MARCH 1, 1933.

*White, Poole, Pearce & Gershon,* for plaintiff.
*Dillon, Calhoun & Dillon, T. F. Bowden,* and *Hewlett & Dennis,* for defendants.