**M. L. GILBERT, Jr., Plaintiff,**

v.

**UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Accident & Casual-
ty Insurance Company of Winterthur,
Switzerland and Columbia Casualty
Company, Defendants.**

Civ. A. No. 408.

United States District Court
M. D. Georgia,
Athens Division.

Aug. 6, 1959.

James Barrow, Athens, Ga., for plaintiff.

Louis D. Yancey, Jr., Taylor, Edwards & Yancey, Atlanta, Ga., for defendants.

BOOTLE, District Judge.

Each side has filed a motion for summary judgment contending that the pleadings show that such party is entitled to judgment as a matter of law. These motions, therefore, amount to motions for judgment on the pleadings under Fed.R.Civ.P. 12(c), 28 U.S.C.A.

The facts are as follows:

Prior to April 6, 1950, plaintiff was engaged in the business of selling gasoline, motor fuel and kerosene at retail to the public and maintained two service stations in Clarke County, Georgia. Prior to April 6, 1950, plaintiff had qualified with the Commissioner of Revenue of the State of Georgia as a licensed distributor of motor fuel and kerosene and had filed, in compliance with Title 92, Chapter 14 of the Code of Georgia, three surety bonds in the amount of $5,000 each, conditioned as required by said portion of the Georgia Code, for the payment of all motor fuel and/or kerosene excise tax imposed by the State of Georgia. The plaintiff was the principal obligor of each of said bonds, and the State of Georgia was the obligee of each of said bonds. Defendants were sureties on said bonds, each of said defendants being surety to the extent of $5,000 and each being surety on one of said bonds.

Plaintiff failed to pay to the Commissioner of Revenue of the State of Geor-

gia the excise tax due the State of Georgia pursuant to Title 92, Chapter 14 of the Code of Georgia on account of sales of motor fuel and kerosene made between March 1, 1950 and April 30, 1950, inclusive. The total amount of tax due the State of Georgia on account of said sales was $12,831.56. Because of this failure on the part of the plaintiff to pay this tax, the Commissioner of Revenue, pursuant to authority contained in Title 92, Chapter 14 of the Code of Georgia, revoked plaintiff's license and thereby terminated plaintiff's status as a licensed distributor of motor fuel and kerosene, effective May 1, 1950.

The total amount of excise tax due the State of Georgia by virtue of the above cited code section at the time of the revocation of plaintiff's license as a licensed distributor was $12,831.56.

On July 24, 1950, the Revenue Commissioner of the State of Georgia, acting pursuant to the above-quoted code provision, issued an execution for said excise tax against the plaintiff and the defendants jointly in the amount of $12,-831.56.

On July 25, 1950, the defendants paid to the State of Georgia the sum of $12,-831.56, and pursuant to Title 92, Chapter 14 of the Code of Georgia, the Commissioner of Revenue of the State of Georgia transferred and assigned the above-described execution to defendants.

Plaintiff was adjudicated a bankrupt by the Hon. E. P. Johnston, Referee in Bankruptcy, by an order rendered October 16, 1950, and plaintiff was discharged by an order issued by said Referee on April 28, 1951.

Defendants were paid a dividend on account of the execution referred to above in the amount of $3,113, which payment was made on or about February 20, 1953, and said amount is credited against the amount due on said execution.

The effect of the payment due the defendants of the dividend referred to above was to pay the interest due on the execution to the date of such payment in the amount of $2,321.35 and to pay $791.-65 of the principal due on said execution, leaving a principal balance remaining due on said execution in the amount of $12,039.91.

No further payments have been paid on said execution, and there is presently due on said execution the principal sum of $12,039.91 together with interest thereon at the rate of seven per cent per annum from February 20, 1953.

The plaintiff contends that the enforcement of his liability for the unpaid portion of said execution in the principal amount of $12,039.91, together with interest thereon at the rate of seven per cent (7%) per annum from February 20, 1953, is barred by his discharge in bankruptcy rendered on April 28, 1951. The defendants on the other hand deny that said indebtedness was affected by the plaintiff's discharge in bankruptcy and further deny that the order of discharge constituted any bar to the enforcement by the defendants of said indebtedness or any bar to the enforcement by defendants of said execution against the property of plaintiff.

The complaint alleges that said adverse contentions constitute a genuine controversy between plaintiff and defendants and prays the court to adjudicate and declare that the enforcement of the entire liability of the plaintiff to the defendants on account of said tax execution has been barred by the discharge in bankruptcy of the plaintiff.

After carefully considering the briefs filed by counsel in support of their respective contentions and the authorities cited by them, this court must and does hereby adjudicate and declare exactly the opposite.

■ Under 11 U.S.C.A. § 35 a discharge in bankruptcy is rendered ineffectual as against debts "due as a tax levied by the United States, or any State, county, district, or municipality." When these defendant sureties paid the state the amount of the execution they brought

themselves clearly within the principle and rule of subrogation expressed in 103 Ga.Code Ann. secs. 308 and 501, and as expressed by Henry N. Sheldon in his monograph on the Laws of Subrogation, quoted in Aetna Life Ins. Co. v. Town of Middleport, 1888, 124 U.S. 534, 548–549, 8 S.Ct. 625, 629, 31 L.Ed. 537, 542, and In re Baltimore Pearl Hominy Co., 4 Cir., 1925, 5 F.2d 553, 555, as follows:

> "it [the doctrine of subrogation] is said to be a legal fiction, by force of which an obligation extinguished by a payment made by a third person is treated *as still subsisting* for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another." (Italics supplied.)

Thus, it is as if the taxes themselves have not been paid and are still due and, of course, are not dischargeable in bankruptcy. Similarly, Chief Justice Bleckley wrote in Livingston v. Anderson, 1887, 80 Ga. 175, 176, 5 S.E. 48: "These unpaid taxes, due from citizens, were not discharged when the collector and his sureties responded to the state for the collector's default in not collecting and paying them over." Moreover, the exact question here involved has been decided by the Supreme Court of Georgia in Fidelity & Casualty Co. of New York v. Whitaker, 1933, 176 Ga. 656, 168 S.E. 607, and by the Supreme Court of South Carolina in St. Paul Mercury Indemnity Co. v. Donaldson, 225 S.C. 476, 83 S.E. 2d 159. See also United States v. Munsey Trust Co., 1947, 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022; McLewis v. Furgerson, 1877, 59 Ga. 644 and Lee v. Holman, 1936, 182 Ga. 559, 186 S.E. 189.

We need not reach the defendants' contention that this debt is also non-dischargeable because created by the plaintiff's defalcation while acting in a fiduciary capacity.

Let counsel for defendants prepare a decree in accordance herewith submitting same to opposing counsel who shall have five days for suggestions as to form.